IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES MARQUEZ,

    Plaintiff,

vs.                                      No.     CIV 99-63 MV/DJS

CLINTON D. HARDEN, JR., in his official
and individual capacities, HOWARD WILLIAMS,
in his official and individual capacities, RICHARD
GALAZ, in his official and individual capacities,
and the NEW MEXICO DEPARTMENT OF
LABOR, HUMAN RIGHTS DIVISION,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss filed February 16, 1999 **[Doc. No. 7]**. The Court, having considered the Motion, response, reply, relevant law and being other wise fully-informed, finds that the motion is well taken and will be **GRANTED** in part and **DENIED** in part, as explained below.

### BACKGROUND

Plaintiff, Charles Marquez, appearing *pro se*, alleges in his Complaint that he worked for the New Mexico Department of Labor, Human Rights Division and that he was denied a promotion because he was male and in retaliation because he had previously filed a charge of discrimination with the EEOC, Charge No. 320961867. In his Complaint, Plaintiff alleges that Defendants discriminated against him and hired a less qualified female for the Human Rights

Division, Civil Rights Specialist Supervisor. Defendants have filed a motion to dismiss challenging certain aspects of Plaintiff's Complaint and raising jurisdictional arguments.

## STANDARD OF REVIEW

Under Fed.R.Civ.P.12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In making this determination, the Court accepts as true all factual allegations of the Complaint and construes the Complaint in a light most favorable to plaintiff. *Id.* A complaint may not be dismissed for failure to state a claim upon which relief may be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.1989), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## ANALYSIS

Defendants assert that the Complaint should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P. because: (1) Plaintiff failed to state a claim for relief by failing to allege compliance with the jurisdictional prerequisites to suit under Title VII of the Civil Rights Act of 1964; (2) Plaintiff may not sue the individual Defendants in their individual capacities under Title VII of the Civil

Rights Act of 1964, but only as officials of the agency; (3) Plaintiff's pendent state claim failed to state a claim due to Plaintiff's failure to allege satisfaction of the jurisdictional prerequisites to suit under New Mexico's Human Rights Act; and (4) Plaintiff failed to state a claim for punitive damages.

### 1. Jurisdictional Prerequisites to Title VII Claims

In order for a plaintiff to bring suit under Title VII of the Civil Rights Act of 1964, as amended, the plaintiff must first file a charge of discrimination with the EEOC. 42 U.S.C. §2000e-5; *EEOC v. Shell Oil Co.*, 466 U.S. 54, 66 (1984). "The statute itself prescribes only minimal requirements pertaining to the form and content of charges of discrimination." *Shell Oil Co.*, 466 U.S. at 66. However, the statute does require that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b); *Shell Oil Co.*, 466 U.S. at 66. The required content of the charge is further defined by the Code of Federal Regulations, § 1601.12, which requires such information as the full name and address of the person charged and the number of people employed by the employer. The filing of an EEOC charge is a jurisdictional prerequisite to bring suit in district court under Title VII. 42 U.S.C. §2000e-5; *EEOC v. Shell Oil Co.*, 466 U.S. 54, 66 (1984).

In his Response to Defendant's Motion to Dismiss **[Doc. No. 10]**, Plaintiff asserts that he did file a complaint with the EEOC. However, in his Complaint **[Doc. No. 1]** the Plaintiff only mentions his prior complaint with the EEOC, Charge No. 320961867, from November 1997, which Plaintiff asserts resulted in the retaliation forming the basis of his current suit. Plaintiff has failed to plead in his Complaint that he filed an EEOC charge regarding the retaliation itself. This Court therefore lacks jurisdiction over Plaintiff's claim. *Id.* However, this Court will grant Plaintiff leave to amend his complaint to cure this defect.

## 2. Individual Defendants under Title VII Claim

A plaintiff may not assert a Title VII claim against a defendant in his/her personal capacity. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("…personal capacity suits against individual supervisors are inappropriate under Title VII."); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). An official capacity suit does not provide an avenue of relief against the individual but rather operates as an alternative means of naming the individual's employer. Proceeding against an officer in his official capacity, therefore, is simply "'another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 690 n. 55 (1978)).

Consequently, Plaintiff, may not sue Defendants in their individual capacities. Therefore, Defendants' Motion to Dismiss will be granted in this respect and all claims against the named Defendants in their individual capacities will be dismissed.

## 3. Jurisdictional Prerequisites under the New Mexico Human Rights Act

The New Mexico Human Rights Act (HRA) states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice and any member of the commission who has reason to believe that discrimination has occurred may file with the human rights division of the labor department a written complaint that shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required by the commission. All complaints shall be filed with the division within one hundred eighty days after the alleged act was committed.

N.M.Stat.Ann. §28-1-10(A). The Act further states: "Any person who has filed a complaint with the Human Rights Division may request and shall receive an order of nondetermination from the director one hundred eighty days after the division's receipt of the complaint. The order of nondetermination may be appealed pursuant to the provisions of Section 28-1- 13 NMSA 1978."

N.M.Stat.Ann. §28-1-10(D). As with Title VII, filing an administrative charge with the State Human Rights Division is a jurisdictional prerequisite. *See Jaramillo v. J.C. Penney Co.*, 102 N.M. 272, 694 P.2d 528 (Ct. App. 1985).

Similar to including a description of his prior complaint with EEOC in his Complaint, Plaintiff also mentioned that the prior alleged discrimination was in violation of the New Human Rights Act. Plaintiff states that he did "attempt to pursue administrative 'prerequisites', ...but had been threatened with job termination." However, Plaintiff's Complaint fails to state that he satisfied the administrative requirements to file suit under the New Mexico Human Rights Act for his current allegations of retaliation raised in his Complaint. As with the Title VII claim, the Court will grant Plaintiff leave to amend his Complaint to cure this defect.

### 4. Punitive Damages Claim

Title 42 U.S.C. Section 1981(a)(b)(1), provides as follows: "A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 USCA § 1981(a)(b)(1). The statute plainly prohibits as award of punitive damages against a governmental entity. Likewise, the New Mexico Human Rights Act does not provide for punitive damages against a governmental employer. *Behrmann v. Phototron Corp.*, 110 N.M. 323, 328, 795 P.2d 1015, 1020 (1990). Therefore, Plaintiff may not claim punitive damages against Defendants as part of a claim under Title VII or the New Mexico Human Rights Act, as they are government employers. Thus, Defendant's Motion to Dismiss will be granted in this respect and the prayer for

punitive damages will be stricken.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **[Doc. No. 7]** will be **GRANTED** in part and **DENIED** in part. The portion of the Complaint which names Defendants in their individual capacities is hereby **STRICKEN**. Defendants Harden, Williams and Galaz remain Defendants in this case in their official capacities only. The prayer for punitive damages is also hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days from the entry of this Order to amend his Complaint to satisfy the jurisdictional requirements of Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act. If Plaintiff fails to amend his Complaint within 30 days, the Complaint will be dismissed.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Charles Marquez, Pro-Se

Attorney for Defendants:
Frank J. Alberta