IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES MARQUEZ,

    Plaintiff,

vs.                                                 No. CIV 99-00063 MV/DJS

CLINTON D. HARDEN, JR., in his official
capacity, HOWARD WILLIAMS, in his
official capacity, RICHARD GALAZ,
in his official capacity, and the NEW MEXICO
DEPARTMENT OF LABOR, HUMAN
RIGHTS DIVISION,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motion for Partial Dismissal filed July 30, 1999 **[Doc. No. 22]**. The Court, having considered the motion, relevant law and being otherwise fully informed, finds that the motion is well taken and that the Motion for Partial Dismissal, with prejudice, is hereby **GRANTED**, as explained below.

### BACKGROUND

This matter was previously before the Court on Defendants' Motion to Dismiss filed February 16, 1999 **[Doc. No. 7]**. In that instance, the Court granted the motion in part, dismissing the Defendants in their individual capacities, and denying the availability of claims for punitive damages under Title VII of the Civil Rights Act of 1964 (Title VII) and the New Mexico Human Rights Act (NMHRA) **[Doc. No. 19]**. The Court also denied the previous motion in part, granting the Plaintiff 30 days leave to amend any defects relating to jurisdictional prerequisites to

Title VII and NMHRA claims.

On July 26, 1999, the Plaintiff filed an Amended Complaint **[Doc. No. 20]**. In that amendment, the Plaintiff reiterated the historical background of the filing of his EEOC complaint, including receipt of the Notice of Right to Sue from the EEOC on or about October 27, 1998. He also reiterated his belief in the availability of punitive damages, despite this Court's holding in its previous Memorandum Opinion and Order **[Doc. No. 19]** that he was not entitled to such damages. Notably, the Plaintiff's Amended Complaint does not mention any background relating to his NMHRA claims and, consequently, the amendment does not cure any previously noted jurisdictional defects in regard to the NMHRA claims.

The Defendants subsequently filed a Motion for Partial Dismissal of the Amended Complaint pursuant to Rule 12(b)(1) Fed. R. Civ. Proc., alleging this Court's lack of subject matter jurisdiction over the Plaintiff's NMHRA claims **[Doc. No. 22]**. In a Memorandum of Law accompanying the motion, the Defendants request dismissal with prejudice due to Plaintiff's failure to exhaust administrative remedies as required under Section 28-1-10(D) of the NMHRA **[Doc. No. 23]**. Defendants concede that the Plaintiff's amended complaint recites compliance with the jurisdictional prerequisites of Title VII, thus curing any previously noted jurisdictional defects in regard to those claims.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power &*

*Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may take form as a facial challenge questioning the sufficiency of the pleading. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995) (citation omitted). In reviewing a facial attack on a complaint, the court must accept the allegations in the complaint as true.[1] *Id*. A Rule 12(b)(1) motion may also take the form of a factual attack on subject matter jurisdiction by challenging the facts upon which subject matter jurisdiction depends. In this factual form, a court may not presume the truthfulness of the complaint's factual allegations, but must go beyond the allegations and evaluate the evidence presented by the parties. *Id*.

A Rule 12(b)(1) motion may appear deceptively similar to a Rule 12(b)(6) motion, but the primary difference is in the effect the ruling will have upon the parties. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). A dismissal under 12(b)(1) allows for the possibility of re-pleading the action to bring it within the subject matter jurisdiction of a court. The *res judicat*a effect of a 12(b)(1) motion is consequently limited to the jurisdictional issue. In contrast, a grant of summary judgment resolves the issue on the merits and is with prejudice. *Id*. A grant of summary judgment is not at issue here, but a 12(b)(1) dismissal with prejudice works essentially the same result.

## ANALYSIS

---

[1] Similar safeguards are employed under 12(b)(6) motions to dismiss.

In the instant case, Defendants' Rule 12(b)(1) motion appears to mount a mere facial challenge to the Amended Complaint. The Defendants' Memorandum of Law accompanying the motion asserts that the Plaintiff's amended complaint has still failed to allege satisfaction of the jurisdictional prerequisites to suit under the NMHRA **[Doc. No. 23]**. Defendants' Memorandum at 1. This Court agrees that the Plaintiff's Amended Complaint appears deficient in regard to alleging satisfaction of the jurisdictional requirements under the NMHRA and cannot survive the Defendants' jurisdictional challenge.

The exhaustion of administrative remedies is a prerequisite to suit under the NMHRA. *Luboyeski v. Hill*, 117 N.M. 380, 382, 872 P.2d 353, 355 (N.M. 1994). The NMHRA provides that parties may invoke its grievance procedure by filing a complaint with the Human Rights Division of the Labor Department (the "Division") within 180 days after the unlawful acts occurred. N.M. STAT. ANN. § 28-1-10(A) (Michie 1978). It further provides that anyone who has filed such a complaint may request and shall receive an order of nondetermination from the director 180 days after the Division's receipt of the complaint. N.M. STAT. ANN. § 28-1-10(D) (Michie 1978). The nondetermination order then is appealable as a final agency action to the district court for trial *de novo*. *Id*. at § 28-1-13(A). The Plaintiff's Amended Complaint fails to allege compliance with this required statutory procedure.

While it is true that the EEOC and the Division enjoy a work sharing agreement, recent New Mexico Supreme Court precedent has clarified the legal limits of that relationship. *See generally, Mitchell-Carr v. McLendon*, 127 N.M. 282, 980 P.2d 65 (N.M. 1999). The work sharing agreement provides that the EEOC and the Division each designate the other as cross agents for the limited purpose of receiving and drafting initial charges, but the agreement does not

act to satisfy compliance with the required statutory grievance procedures of the corresponding agency. *Id.* at 69-70. In fact, "while both the EEOC and the Division have the authority to receive and investigate complaints about unlawful discrimination, only the Division has the additional authority to conduct hearings with respect to such complaints. It follows that only the Division, with its additional authority, may issue orders that satisfy the requirements of Sections 28-1-10(D) and 28-1-13(A)." *Id.* at 70.

The Plaintiff's Amended Complaint in this case is devoid of any indication of compliance with the jurisdictional prerequisite of requesting and receiving an appealable order from the Division. The District Court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the Division and appealing that order within thirty days are not satisfied. *Id.* at 70. EEOC notices to sue cannot be treated as orders of nondetermination from the Division. *Id.* at 71. EEOC notices are not orders from the Division and cannot serve to exhaust administrative remedies required under the NMHRA. *Id.* Such notices, therefore, cannot satisfy the jurisdictional prerequisites under the NMHRA. If the administrative procedure under the NMHRA is not invoked, the District Court action is not an appeal allowable under Section 28-1-13. Consequently, the District Court here must dismiss the Plaintiff's NMHRA claims due to lack of subject matter jurisdiction.

Defendants further request dismissal with prejudice, claiming that the Plaintiff's failure to exhaust administrative remedies required under the NMHRA cannot be cured because such prerequisites have never been satisfied by the Plaintiff. A person is allowed to use federal EEOC procedures to set in motion the grievance procedures of the NMHRA to the limited extent that, if he or she initially files a complaint with the EEOC, that complaint will be deemed to have been

properly filed with the Division as well. *Mitchell-Carr*, 980 P.2d at 69. Thus, when the Plaintiff filed his complaint with the EEOC in 1998, it was considered filed with the Division as well. However, the NMHRA further contemplates that a person who filed the complaint may request, and shall receive an order of nondetermination within 180 days after filing of the complaint. N.M. STAT. ANN. § 28-1-10(D) (Michie 1978). An order of nondetermination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedures and may appeal from that final agency action to district court. N.M. STAT. ANN. § 28-1-10(A) (Michie 1978). In this case, however, the Plaintiff has not requested, nor has he received, an order of nondetermination from the Division, and the time limit for doing so has now passed. The Plaintiff is unable to comply with the jurisdictional requirements necessary for this Court to assume subject matter jurisdiction.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Partial Dismissal is **GRANTED**. Plaintiff's claim under the New Mexico Human Rights Act is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Application for Default Judgment, filed December 1, 1999, **[Doc. 29]** is denied as **MOOT.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Charles Marquez, Pro-Se

Attorney for Defendants:
Frank J. Albetta