IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES MARQUEZ,

    Plaintiff,

vs.                                                    No. CIV 99-00063 MV/DJS

CLINTON D. HARDEN, JR., in his official
capacity, HOWARD WILLIAMS, in his
official capacity, RICHARD GALAZ,
in his official capacity, and the NEW MEXICO
DEPARTMENT OF LABOR, HUMAN
RIGHTS DIVISION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Rule 37 Motion to Dismiss for Plaintiff's Refusal to Provide Disclosures Pursuant to Rule 26(a)(1), filed March 6, 2000 **[Doc. No. 39]**. The Court, having considered the moving papers, relevant law and being otherwise fully informed, finds that the motion will be **granted in part and denied in part** at this time. Plaintiff has ten calendar days from the date of this Order to produce and file his disclosures or the Court will dismiss this action with prejudice. Further, he must pay Defendants' attorneys fees incurred in filing this motion.

### BACKGROUND

Plaintiff, Charles Marquez, appearing *pro se*, alleges in his Complaint that he worked for Defendant New Mexico Department of Labor, Human Rights Division and that he was denied a

promotion because he was male and in retaliation for filing a discrimination claim with the Equal Employment Opportunity Commission. In his complaint, Plaintiff alleges that Defendants discriminated against him and hired a less qualified female for the Human Rights Division, Civil Rights Specialist Supervisor. The Court has dismissed the Defendants in their individual capacities, the claim under New Mexico Human Rights Act (NMHRA) for Plaintiff's failure to exhaust his administrative remedies, and the claims for punitive damages which are not available under Title VII of the Civil Rights Act of 1964 (Title VII) or NMHRA. Defendants now seek sanctions under Federal Rule of Civil Procedure 37 for Plaintiff's failure to provide disclosures.

## ANALYSIS

According to Defendants, the parties in this action had a telephonic discovery conference on November 8, 1999 as required by the Initial Scheduling Order. They decided that they would exchange Rule 26(a)(1) disclosures no later than November 22, 1999. Defendants assert that they complied with the deadline, but Plaintiff failed to do so. Moreover, Defendants state that at the Rule 16 scheduling conference on December 2, 1999, United States Magistrate Judge Svet advised Plaintiff to comply with his duty to provide disclosures pursuant to Rule 26(a)(1). Defendants, by letter dated February 22, 2000, notified Plaintiff that he had failed to comply with his disclosure requirements and advised him to do so within ten days of receipt of the letter or Defendants would seek sanctions against him. Nonetheless, as of the time Defendants filed this motion on March 6, 2000 and their reply on March 27, 2000, Plaintiff had still provided no disclosures.

Defendants now move the Court to impose sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1). Defendants request that the Court dismiss the action with prejudice or in the

alternative that the Court bar Plaintiff from using any evidence that should have been produced under Rule 26(a).  In addition, Defendants seek their attorney's fees incurred in bringing this motion.

Under Rule 37(c)(1), a court can impose sanctions on a party for failure to disclose information required by Rule 26.  Among the sanctions a court may impose is not permitting the party to use at trial the information not properly disclosed, dismissing the action, or "other appropriate sanctions."  FED. R. CIV. P. 37(c)(1).  The Court notes that dismissal is an extreme sanction which is warranted only in cases of willful misconduct.  *See Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988).  "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'"  *Id.* at 1520 n.6 (citations omitted).  Using caution in imposing dismissal as a sanction is particularly important where a party appears *pro se*.  *Ehrehaus v. Reynolds*, 965 F.2d 916, 920 n.3. (10th Cir. 1992).

The Tenth Circuit has outlined the criteria which a court should consider in determining whether to dismiss an action as a Rule 37 sanction.  Those criteria are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Ehrehaus*, 965 F.2d at 921 (citations and internal quotation marks omitted).  As to the first criteria, Defendants argue that they have been substantially prejudiced by Plaintiff's failure to produce disclosures because initial disclosures are the starting point of discovery and not having such information has interfered with the rest of Defendants' discovery.  For example, Defendants

felt it necessary to cancel Plaintiff's deposition because they had not yet received his initial disclosures. The Court finds this persuasive. Rule 26(a)(1) requires parties to disclose to one another basic information related to the litigation including witnesses, a description and location of documents, a computation of damages, and insurance information. FED. R. CIV. P. 26(a)(1). Not receiving this information early on in the discovery process is clearly a significant impediment, particularly in a case such as this one where the delay has lasted months.

As to the second criteria, the Court finds that as well as interfering with Defendants' ability to defend themselves in this case, Plaintiff's failure to make his initial disclosures has interfered with the judicial process, requiring that discovery and other deadlines be extended.

The third factor is the culpability of the litigant. On balance, the facts suggest that Plaintiff has engaged in culpable conduct. The parties agreed to exchange initial disclosures by November 22, 1999 and Plaintiff failed to do so for at least four months despite an agreement from the parties, an order by Judge Svet, correspondence from Defendants, and the filing of this motion. Unfortunately, Plaintiff's response brief sheds little light. Filed after the response deadline had passed, Plaintiff's response gives no excuse as to why he has failed to provide his Rule 26(a)(1) disclosures except to say that he never received Defendants' February 22, 2000 letter. This does not excuse Plaintiff's failure to heed other reminders including Judge Svet's on December 2, 2000. Plaintiff's response also indicates that he wishes to proceed with the case and will provide the required disclosure information. The Court is not aware whether Plaintiff has done so at this time or not.

Now the Court turns to the two remaining *Ehrehaus* criteria, Plaintiff has not been warned that his action would be dismissed if he failed to produce his Rule 26(a) disclosures. This

certainly disfavors dismissing the action. Further, given the seriousness of dismissing the action altogether, the Court has decided to give Plaintiff one more opportunity to cure this deficiency. Plaintiff has ten calendar days from the date of this order to produce his initial disclosures. If he fails to do so, the Court will dismiss this action *with prejudice*.

The Court is certainly mindful of the difficulties faced by parties proceeding *pro se* and while this Court has already exhibited its willingness to let Plaintiff cure errors, such as in his complaint, such leave is not endless. While pro se litigants generally are held to less stringent standards than litigants with counsel, *see McCottrell v. EEOC*, 726 F.2d 350, 351 (10th Cir.1983), *pro se* litigants still must comply with the rules of procedure, including local rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992). Plaintiff in this case must take responsibility for complying with the applicable rules and pursue his case with diligence or the Court will dismiss it with prejudice.

The last issue the Court must address is attorney's fees. Given the numerous reminders Plaintiff has had that he must produce the disclosures and the more than six months that have passed without Plaintiff making this disclosures, the Court finds it proper to award Defendants' attorneys fees required in bringing this motion. Defendants must submit an affidavit indicating their time spent on only this motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Defendants' Rule 37 Motion to Dismiss for Plaintiff's Refusal to Provide Disclosures **[Doc. No. 39]** is hereby **denied in part**. Plaintiff has ten calendar days from the date of this order to produce his initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) and to file a copy of such disclosures with the Court as

evidence that he has complied with this order.  If Plaintiff fails to comply with this requirements, the Court will dismiss this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion is **granted in part** in that Plaintiff must pay Defendants' attorneys fees incurred in bringing this motion.  Defendants are hereby ordered to submit an affidavit indicating the amount of such fees.

DATED this 6th day of July, 2000.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Charles Marquez, Pro Se

Attorney for Defendants: Frank J. Albetta